(No. 1811—)

CARRIE N. LAFONT, EXECUTRIX, ESTATE OF ALBERT W. LAFONT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1934.*

CLARENCE B. DAVIS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

This claim was filed by plaintiff as the personal representative of the Estate of Albert W. LaFont, deceased, on August 11, 1931, for an award for doctor's bill and hospital bill in the respective sums of One Hundred Fifty Dollars ($150.00) and One Hundred Fifty-eight and 15/100 Dollars ($158.15), or a total of Three Hundred Eight and 15/100 Dollars ($308.15). Mr. LaFont was a cripple, having one artificial limb. He was employed by the Secretary of State for janitor duties about the State House, and at the time of the injury complained of, was assigned to remove the covers from discarded books. The record discloses that he took some of the books and placed one on top of another to make a seat, and while sitting on these books became over-balanced and in falling struck one of his hands against some scales. Several days later he reported the hand as getting along all right, but later suffered an infection in said hand. He died from other causes, as shown by the record, on April 23, 1931.

The duties of Albert W. LaFont could not in any sense be considered extra hazardous, and to justify an award to him, it would be necessary to hold that the State was engaged in the business of maintaining the building wherein he was then employed. The court is of the opinion that the maintenance of said Capitol building does not engage a major portion of the attention or time of the officers of the State, so as to bring it within the rule where the Workmen's Compensation Act would apply. As stated in the Therien case,

"A janitor in a building not maintained as a 'business' by the employee is not within the Workmen's Compensation Act."

*Therien* vs. *Industrial Commission*, 351 Ill. 160.

The complaint alleges no facts upon which an award is justified.

An award is denied and claim dismissed.